**Junet CAIDOR, Plaintiff–Appellant,**

v.

**ONONDAGA COUNTY, Sheryl Karpinski, Shaun McCarthy, John Balloni, Maureen Craner and Teddy Spooner, Defendants–Appellees.**

**No. 06–4698–cv.**

United States Court of Appeals, Second Circuit.

Feb. 21, 2008.

**34**

Phillip G. Steck, Cooper, Erving & Savage LLP, Albany, NY, for Appellant.

Karen A. Bleskoski (Anthony P. Rivizzigno, County Attorney, of counsel), Syracuse, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Junet Caidor appeals from the judgment and order of the United States District Court for the Northern District of New York (McCurn, *J.*) entered on September 21, 2006, granting the defendants' motion for summary judgment. In a separate opinion issued today, we reject as waived Caidor's challenge to an order entered by Magistrate Judge Peebles on September 20, 2004, denying Caidor's mo-

tion to compel discovery and issuing a protective order for the defendants' benefit.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. Caidor worked at the Onondaga County Department of Emergency Communications ("911 Center") for four days. Caidor was fired the day after his supervisors learned that he had misrepresented his lack of a criminal record on his employment application. Caidor claims that the defendants terminated him and decertified him from the eligibility list for the job due to race discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981.[1]

We review *de novo* the district court's judgment. *Maguire v. Citicorp Retail Servs,* 147 F.3d 232, 235 (2d Cir.1998) (citation omitted). In doing so, we construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *See id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Caidor fails to make out a claim under either Title VII or § 1981. Caidor was offered the position at the 911 Center on the express condition that he pass a background investigation. The Onondaga County Employees Handbook, which Caidor received on his first day on the job, provides that falsifying County records—including an employment application—is

---

1. Caidor also brought claims under 42 U.S.C. §§ 1983 and 1985, the ADA, and the New York Human Rights Law. The district court dismissed those claims on other grounds in a ruling from which Caidor does not take an appeal.

punishable by suspension and review for discharge. The uncontroverted evidence shows that on his employment application, Caidor denied that he had been convicted of a felony or misdemeanor. The 911 Center began termination proceedings within 24 hours of learning that in 1990, Caidor was convicted—after a jury trial—of resisting arrest and speeding. Caidor alleges certain comments made by 911 Center employees over his four-day tenure, and argues that the comments give rise to an inference of discrimination. But even assuming the truth of those allegations, such comments bear no connection to race, let alone racial discrimination.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**